CLASSIC THEATRE CORPORATION, Plaintiff, *v.* NATHAN L. AMSTER and JOSEPH LAWREN, Defendants.

Supreme Court, New York Special Term, June 11, 1924.

Contracts — construction — contract, in effect, provided that defendant should bear one-fourth of losses of production of play, but if play did not run beyond four weeks and gross receipts did not total $9,000 for fourth week, defendant was to lose $2,500 — play ran three weeks at loss of $13,000 — defendant not liable for one-fourth of losses — terms of contract take precedence over pleader's construction of it — complaint dismissed pursuant to Rules of Civil Practice, rule 106.

A complaint in an action to recover one-fourth of the amount lost in the production of a play will be dismissed pursuant to a motion made under rule 106 of the Rules of Civil Practice where it appears that defendant's liability was predicated on a clause of a contract which provided, in effect, that the defendant was to bear one-fourth of the losses of the production, but if the play did not run beyond four weeks, or if it ran four weeks and the gross receipts did not total $9,000 or more for the fourth week, then the defendant was to lose $2,500; and that the play ran three weeks at a loss of $13,000, since the language of the agreement is clear that it was the intention of the parties that the defendant was not to bear a loss except $2,500 unless the play ran more than four weeks, or if the run of the play were limited to four weeks that the gross receipts of the fourth week should aggregate $9,000 or more.

The complaint may not be relied upon to establish defendant's liability where the agreement has been made part of the complaint since the terms of the contract take precedence over the pleader's construction of it.

MOTION to dismiss complaint pursuant to rule 106 of Rules of Civil Practice.

*Abraham H. Sarasohn,* for the plaintiff.

*Gallert, Hilborn & Raphael,* for the defendant Amster.

LEVY, J. Motion by defendant Amster to dismiss the complaint as against him pursuant to rule 106 of Rules of Civil Practice. Plaintiff and defendants entered into a written contract for the production of a play "Anathema." It was thereafter produced and some $13,000 loss was sustained in the joint venture. One-fourth of this amount plaintiff seeks to recover from the defendant Amster. Liability is based on clause (1) of the agreement which is before this court as part of the complaint and that which is material is as follows: " * * * and he shall also bear any losses that may occur in the production of said play upon the English speaking stage, in the same share or part and to the extent of twenty-five (25%) per cent or one-quarter of any and all of said losses, it being expressly agreed between the parties hereto that in the event that the run of the said play upon the English speaking stage is not

longer than four weeks, or that the run of said play is limited to four weeks, and if the gross receipts for said play during said fourth week do not amount to Nine thousand ($9,000) dollars, then and in either of said events, the party of the second part must return to the party of the first part, the sum of Five Hundred ($500) dollars of said Three thousand ($3,000) dollars, paid in as aforesaid."

The play concededly ran only three weeks. This fact, Amster contends under the language of the written contract, relieved him of any liability to pay losses beyond his original investment of $3,000 less the $500 which was to be returned to him on the contingencies mentioned in the agreement.

Plaintiff advances the view, however, that the defendant Amster was liable in any event even though the play did not run more than four weeks. In interpreting this contract the court is not constrained to resort to rules of construction since the language of the agreement is clear in manifesting the intention of the parties that Amster was not to bear any loss whatever except the amount of $2,500 unless the play ran more than four weeks, or if the run of the play was limited to four weeks that the gross receipts for the fourth week should amount to $9,000 or more. It seems that both of these contingencies were conditions precedent to Amster's sustaining any further liability. This must be so; otherwise the language would be unintelligible. If it had been the intention of the parties that Amster was to sustain one-fourth of the losses in any event, it would have been unnecessary to add the " it being expressly agreed " clause which unmistakably limited Amster's liability. Its inclusion in the contract expresses precisely what was within the contemplation of the parties and indicated a clear intention as to the manner in which the loss was to be borne. The court is asked to overlook the punctuation in the contract and interpret it as referring to something altogether different, a result which common sense interpretation does not warrant. Furthermore, if the defendant Amster was to sustain one-fourth of the losses, even though the play ran less than four weeks, then it would have been idle to state in the contract that $500 of the $3,000 contributed was to be *returned* to Amster. On the contrary, the contract then would have stated that the $500 would be deducted from the loss sustained, and one-quarter of the balance of the loss charged to defendant Amster. Literally expressed, the plaintiff said to Amster according to the wording of the contract: " You are to bear one-fourth of the losses, but if the play does not run beyond four weeks, or if it runs four weeks and the gross receipts do not total $9,000 or more for the fourth week then you are to lose only $2,500."

Surrogate's Court, Columbia County, June, 1924. [Vol. 123

It cannot be otherwise in the face of the clear language of the contract.

The complaint admits that the play ran only three weeks; therefore, the motion to dismiss the complaint as against the defendant Amster must be granted.

Plaintiff urges upon this court the consideration that the 3d paragraph of the complaint may be relied on to establish Amster's liability in view of his motion to dismiss. This is not the law. The agreement has been made part of the complaint. The terms of the contract take precedence over the pleader's construction of it. Legal conclusions on the part of the pleader cannot determine the meaning of the agreement. *Rubin* v. *Siegel,* 188 App. Div. 636; *Queen* v. *Benesch,* 191 id. 83; *Burdick* v. *Fuller,* 199 id. 94, 97; *Greeff* v. *Equitable Life Assurance Society,* 160 N. Y. 19, 29.

In the *Queen Case, supra,* the court said (at p. 84): " The cause of action is for a violation of the contract which is by appropriate reference made a part of the complaint. Where this is done, if there is a variance between the contract and the allegations of the complaint, the terms of the contract must control; therefore, we may disregard the allegations of the legal effect of the contract in the complaint and resort to the contract itself as if it had been set out in the body of the complaint *in extenso.* (*Rubin* v. *Siegel,* 188 App. Div. 636, 638.)"

Motion granted, with costs.

Ordered accordingly; judgment accordingly.